No. 12,503.

Langton *v.* Board of County Commissioners of the County of Eagle.

(300 Pac. 745)

Decided June 29, 1931.

Mr. JOHN L. NOONAN, Mr. W. F. NOONAN, for plaintiff in error.

Mr. WILLIAM J. MEEHAN, Mr. HUME S. WHITE, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE state of Colorado was engaged in the construction of a state highway, known as Federal Aid Project No. 240, the surveyed line of which passes over and across a ranch property in Eagle county, Colorado, of approximately 160 acres owned by the plaintiff in this action, Mary A. Langton. It seems from the briefs in this case

that each county, through which this highway passes, was obliged to secure and pay for the right of way within its territorial limits. The defendant, the board of county commissioners of Eagle county, by a voluntary agreement, secured from the plaintiff the right of way for such highway which extended across her ranch for $300, which was paid by the defendant county board to the plaintiff; and thereafter, and as a part of the same transaction by which this right of way was secured, the parties entered into a written contract which, after reciting that Mrs. Langton had deeded to the county of Eagle this right of way over her land for the state highway for the sum of $300, proceeded to say that as a further consideration therefor the county of Eagle agreed as follows:

"1. That it will replace with good substantial fences all those fences which may have to be removed along the aforementioned right of way on the Mary A. Langton property.

"2. That it will replace with good substantial flumes all those flumes belonging to Mary A. Langton which may be moved or disturbed in the construction of said highway.

"3. That it will properly take care of and maintain by galvanized flume, or otherwise, every part of the dirt ditch belonging to the said Mary A. Langton which may be changed or disturbed by the construction of the said State Highway, provided that the word 'maintain' as used in this paragraph is not intended to include the cleaning of said ditch."

The complaint, alleging a breach of the foregoing covenants of the contract, says that construction of the highway was commenced during the month of October, 1923. In such construction the ditch of the plaintiff, which extends along the highway project for a distance of about 3 miles, being crossed by the highway several different times, was moved, changed, torn out and disturbed in various places, not only as to the dirt ditch itself, but also as to its wooden flumes, and that plaintiff was wholly pre-

vented from transporting water through this ditch to her lands during the years 1924, 1925 and 1926, and thereby suffered a total loss of the alfalfa hay crop on 20 acres of her land during these three years, the aggregate value of which crops is $1,450; that the stand of hay, through lack of irrigation, was wholly destroyed, and plowing and reseeding would be required to her damage in the sum of $220. The complaint further alleges that plaintiff had been paid by the county, to apply on the damages sustained by her, $450, which damage was sustained in the year 1924, leaving the net damage of $1,220 for loss of crops for the three years, for plowing and reseeding.

The complaint purports to state plaintiff's grievances in two separate causes of action. The first cause alleges that 2,100 lineal feet of wooden flume had been destroyed through warping, dry rot and action of the elements, to her damage in the sum of $1,800, which was due to the enforced nonuse of the ditch. She also claims damages resulting from the construction of the highway as to 415 feet of flume which had not been replaced and that the dirt ditch itself was damaged and disturbed as the result of such construction and was not replaced.

Her second cause of action is based upon the fact that certain drains which run along the sides of the highway, to carry off waste waters draining from the highway, had been left open at points where these drains intersected her ditch and no provision had been made by the county for carrying the drains over the ditch, as the result of which, waters, sediment and waste collected in the drains and were permitted to discharge into her ditch, filling in portions thereof and rendering the ditch incapable of use. In addition to damages thus claimed, she asks for a mandatory injunction against the defendant to compel it to construct the drains so that the use thereof would not interfere with the use of her ditch.

The defendant filed a general demurrer to each of these causes of action. The trial court overruled the demurrer as to the first, and sustained it as to the second, cause.

The defendant thereupon filed its answer denying all damage and as an affirmative defense alleged that the use of plaintiff's ditch had not been made during 1923 because of its dilapidated condition. It also pleaded that the contract between the county and the plaintiff above set out was ultra vires and further alleged that the provisions of the contract which the county was obliged to keep had been fully performed. There were other separate defenses, but in view of our conclusion consideration of them is unnecessary. The affirmative defenses of the answer were denied in the plaintiff's replication and trial was had upon the issues joined as above stated, and the jury returned a verdict in plaintiff's favor for $393.32. Plaintiff's motion for new trial was overruled and judgment for the amount of the verdict was rendered.

Our reading of this record convinces us that the defendant's theory of the case, which the trial court adopted as its own, was essentially wrong. And while the verdict of the jury was for the plaintiff in the sum of $393.32, this sum was not a full and adequate compensation to the plaintiff for the damages to her property caused by the construction of this highway and the proximate damages inflicted upon the residue of her lands. We think also that the demurrer to the second cause of action was improperly sustained, except as to the mandatory injunction asked for. The ruling of the court sustaining the demurrer, however, was not prejudicial error because the elements of damage which plaintiff sustained might all be properly awarded in the first cause of action. The mandatory injunction feature might properly be stricken, and the prayer therefor the district court properly ignored.

First, let us briefly consider the situation at the time this contract between the plaintiff and the county was made. In the absence of a voluntary settlement the county would have been obliged to institute proceedings in the nature of condemnation in order to secure for the contemplated highway the right of way across the plain-

tiff's lands. In such a proceeding the plaintiff would be entitled to recover not only the value of the strip of land taken for the projected highway, but also compensation for all injuries, that proximately resulted to her ranch property through and over which the highway was constructed. It is only reasonable to suppose, therefore, that in the cash payment made for the right of way, and the further written agreement of the county, that it intended adequately to compensate the plaintiff not only for the value of the strip of land itself, but for all damages that proximately resulted to her ranch from such construction.

██ The main argument of the defendant in support of its theory is that the word "disturb" adds nothing to the force and meaning of the word "moved" or "changed." In other words, the defendant maintains that only such damages as resulted from the actual physical moving or changing of the line of plaintiff's ditch could be awarded, and that such damages as resulted from the warping of the flumes and the rotting and falling apart of the timbering thereof and the other damages alleged were not within the contemplation of the parties. We do not believe such construction of the contract is right, or within the contemplation of the parties at the time they made it. The county in the process of construction of this highway wholly neglected to make provision for what we deem "disturbances" of the plaintiff's property and the county should be required to compensate her therefor. The word "disturb" has been variously defined. Webster's International Dictionary thus defines it: "To interrupt the settled state of. * * * To interfere with in the lawful enjoyment of a right." In *Denver & Santa Fe Ry. Co. v. Domke,* 11 Colo. 247, 17 Pac. 777, there is a discussion of the word "disturb" in harmony with what we have stated here. See also *Stinchcomb v. Oklahoma City,* 81 Okla. 250, 198 Pac. 508. The evidence here is that this ditch, as the result of the construction of the highway across plaintiff's premises, is wholly useless

to her. There are numerous gaps therein so that it is impossible to convey water through it to the plaintiff's lands upon which her crops are grown. According to the theory and contention of the county, plaintiff is not entitled to any compensation for anything done by the defendant, except for actual physical changes or moving of the line of the ditch. It says, in effect, that damages which she may have suffered as the result of her inability to use her ditch, which resulted in the total loss of her crops for three years, must be endured by her because the county, under the contract, and under the principles of law applicable, is not required to put her ditch in proper repair for its use in carrying water to her lands, although such impairment was caused by its own action. Such a construction is not to be reached unless the contract of the parties clearly compels it. Such an injustice as resulted to the plaintiff at the trial below, this court should not sanction, unless the contract of the parties, or some statutory or constitutional provision imperatively requires it, neither of which does so.

In view of our conclusion that the judgment must be reversed, we have not noticed other questions which have been argued by the parties, discussion of which by us would be of no assistance to the district court in the event of a new trial. If further proceedings are had below, they must be in harmony with the views expressed in this opinion. We may, however, add that in the event of a new trial, if the evidence in behalf of the plaintiff upon the point is substantially the same as it is now, the court should not submit to the jury the issue of the necessity on her part to minimize her injury. And this is so because, under the undisputed evidence in the record now before us, the plaintiff had done, or offered to do, everything within her power to minimize the damages which the wrongs of the defendant occasioned. She not only had expended all of her own money, but offered to prove that she had borrowed additional sums amounting to more than $1,500 to place her ditch in fit condition to

carry water, and thus minimize her injury, and nothing more could be required of her in that particular, but the court improperly declined to receive the testimony.

The judgment is reversed and the cause remanded, further proceedings below to be in harmony with the views expressed in the opinion.